UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

**FILED**

JUN - 6 2008

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| GARY SAVAGE<br>221 Rock Creek Church Road, N.W.<br>Washington, D.C. 20011<br><br>Plaintiff,<br><br>v.<br><br>MAYOR ADRIAN FENTY<br>DISTRICT OF COLUMBIA<br>1350 Pennsylvania Avenue NW<br>Suite 600<br>Washington, D.C. 20004<br><br>Defendant. | Civil No.<br><br>Complaint for Money Damages,<br>Injunctive Relief, Attorneys' Fees,<br>Costs, and Other Relief<br><br>Case: 1:08-cv-00975<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 6/6/2008<br>Description: Civil Rights-Non-Employ. |

*JURY ACTION*

## COMPLAINT FOR MONEY DAMAGES, INJUNCTIVE RELIEF, ATTORNEYS' FEES, COSTS, AND OTHER RELIEF

Plaintiff Gary Savage, by and through undersigned counsel, requests the court to grant relief on behalf of himself and against the District of Columbia. In support of this request Plaintiff Savage states:

### PARTIES

1. Plaintiff Savage is a resident of the District of Columbia and resides at the above address.

2. Plaintiff Savage served his country as a sergeant in the U.S. Army from on or about June of 1999 to June of 2003. As part of his duties and in following a direct order, Sergeant Savage was subjected to the Army's anthrax vaccination, one effect of which was to leave him confined to a wheelchair.

1

3. The D.C. Board of Education is an agency of the Defendant District of Columbia, and is located and does business in the District of Columbia.

4. The D.C. Board of Education is not a "suable entity." *Kelly v. Morris*, 400 A.2d 1045, 1047 (D.C. App. 1979). Long-standing precedent that holds that "bodies within the District of Columbia government are not suable as separate entities." *Braxton v. National Capital Housing Auth.*, 396 A.2d 215, 216 (D.C. App. 1978). Compare D.C. Code § 31-1511, granting the Board of Trustees of the University of the District of Columbia the authority to "sue and be sued" with D.C. Code Ann. § 38-104, which vests control of the District's public schools in the Board, but does not provide that the Board is a body corporate having the capacity to sue and be sued.

5. The notice requirement of D.C. Code § 12-309 does not apply to this matter. *Cf. Jones v. District of Columbia*, 346 F. Supp. 2d 25 (D.D.C. 2004)(§ 12-309 does not apply to a plaintiff's claims of sexual harassment and retaliation in violation of Title VII of the 1964 Civil Rights Act).

## JURISDICTION

6. The Court has jurisdiction over this matter pursuant to Sections 1331 and 1343 of Title 28 of the United States Code.

7. Sergeant Savage's claims are authorized by 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983.

## CONDITIONS PRECEDENT

8. Persons who use wheelchairs for mobility and ambulation face numerous architectural barriers. Entrances to buildings and stairways within buildings present great difficulty for persons in wheelchairs. Stairs are the major obstruction for these persons.

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), establishing the most important Civil Rights for persons with disability in our nation's history, including the right to have wheelchair access to all public buildings.

10. The Congressional statutory findings include:

   a. "[S]ome 43,000,000 Americans have one or more physical or mental disabilities..."

   b. "[H]istorically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem."

   c. "Discrimination against individuals with disabilities persists in such critical areas as public accommodation."

   d. "Individuals with disabilities continually encounter various forms of discrimination, including ... the discriminatory effects of architectural ... barriers."

   e. "[T]he continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity ... to pursue those opportunities for which our free society is justifiably famous ..." 42 U.S.C. § 12101(a).

11. Congress explicitly stated that the purpose of the ADA was:

   a. "[T]o provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."

   b. "[T]o provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities..."

3

c.   "[T]o invoke the sweep of Congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101(b).

12.   Congress gave public entities, including state and local governments, 18 months to implement the Act. By January 26, 1992, the effective date of the Act, all public entities had to comply with the statutory and regulatory provisions of the ADA.

13.   Congress defined "public entity" to mean "any State or local government" or "any department, agency ... of a State ... or local government." 42 U.S.C. § 12131 (A) and (B).

14.   Discrimination under the ADA occurs when a person with a disability is "excluded from participation in or [is] denied the benefits of the services, programs, or activities of a public entity ..." 42 U.S.C. § 12132.

15.   Nevertheless, instead of complying with the ADA, the D.C. Board of Education has continued to hold public events in venues that are not accessible to persons using wheelchairs.

## FACTS

16.   On or about June 12, 2005, Sgt. Savage went to attend the graduation ceremony of his daughter, DeShawn Savage, at Kimball Elementary School, 3375 Minnesota Avenue, S.E., Washington, D.C. Sgt. Savage was accompanied by his daughter DeShawn, his wife, and his parents.

17.   Upon arrival at the school, Sgt. Savage and his family learned that Kimball Elementary School was not wheelchair accessible and that the staff at Kimball Elementary School had done nothing to make the building wheelchair accessible.

18. Sgt. Savage had to negotiate several steps in order to enter the auditorium at Kimball Elementary School, the location of the graduation ceremony.

19. The principal at Kimball, Ms. Sheila West Miller, was aware that Sgt. Savage is in a wheelchair, but she had taken no steps to ensure that Sgt. Savage would have access to the graduation ceremony.

20. Sgt. Savage suffered extreme emotional duress at being prevented from entering Kimball in a dignified manner. Sgt. Savage weighs 165 pounds, and his wheelchair is a power-chair that weighs exactly 250 pounds. Sgt. Savage's father had to lift Sgt. Savage out of his wheelchair and to place him in an office chair that had wheels. Sgt. Savage's father and two custodians then carried Sgt. Savage in the office chair up a set of steps and into the auditorium. The office chair provided no foot or head support, so Sgt. Savage had to endure further physical and emotional duress throughout the ceremony.

21. The principal at Kimball, Ms. Sheila West Miller, did not even attempt to apologize for the indignities Sgt. Savage was forced to endure.

22. C.F.R. § 35.130 (a) provides: "No qualified individual with a disability shall, on the basis of disability, be excluded from participation in ... programs or activities of a public entity, or be subjected to discrimination by any public entity."

23. C.F.R. § 35.130 (d) provides: "A public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities."

24. C.F.R. § 35.149 provides: "Except as otherwise provided in § 35.150, no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from

participation in, or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."

25. In regard to existing facilities, a public entity may comply with the requirements of the ADA through such means as "reassignment of services to accessible buildings." C.F.R. § 35.150 (b)(1).

26. C.F.R. § 35.178 provides: "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this Act. In any action against a State for a violation of the requirements of this Act, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private other than a State."

27. C.F.R. § 35.175 provides: "In any proceeding commenced pursuant to the Act or this part, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United states shall be liable for the foregoing the same as a private individual."

## COUNT I: ADA TITLE II VIOLATION

28. Plaintiff Sgt. Savage repeats the allegations contained in paragraphs one through twenty-seven as if set forth as length herein.

29. Pursuant to the Americans with Disabilities Act, a public entity illegally discriminates against persons with disabilities by excluding them from the benefits of services of the public entity. 42 U.S.C. § 12132.

30. Access to a public entity's facilities by individuals with disabilities is mandated, and such individuals shall not be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity. 29 C.F.R. § 35.149.

31. Defendant's conduct constituted discrimination against the Plaintiff and he suffered unlawful discrimination at the hands of Defendant due to its discriminatory practices, all of which violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

## RELIEF SOUGHT

WHEREFORE, Sgt. Savage requests that the Court issue an order:

a. Directing the District of Columbia to provide to Sgt. Savage compensatory damages and punitive damages as allowed under applicable law in an amount no less than $300,000;

b. Enjoining the District of Columbia Public Schools from holding any of its functions at which the public may attend in venues which are not wheelchair accessible; and

c. Awarding to Sgt. Savage his attorney's fees and costs and such other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury as to all issues pleaded.

Respectfully Submitted,

John E. Carpenter #420756
900 17th Street NW  Suite 800

7

Washington, D.C. 20006
(202) 887-5445
Attorney for Plaintiff Gary Savage

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
Gary Savage

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _NCY_
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
Mayor, Adrian Fenty
District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE...

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
John E. Carpenter
910 17th St NW #800
Washington, D.C. 20006  887-53

Case: 1:08-cv-00975
Assigned To : Sullivan, Emmet G.
Assign. Date : 6/6/2008
Description: Civil Rights-Non-Employ.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☒ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1270 et. al.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 300,000    Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO    If yes, please complete related case form.

DATE 6/4/08    SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.