UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LARRY SAVAGE | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 08-00975 (EGS) |
| DISTRICT OF COLUMBIA | : | |
| Defendant | : | |

## ANSWER

Defendant District of Columbia (hereinafter "the District"), by and through undersigned counsel, hereby answers the Complaint herein. The District asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The District states the following in response to the individually numbered paragraphs in the Complaint:

### PARTIES

1. The District is without sufficient information to admit or deny the allegations asserted in Paragraph 1.

2. The District is without sufficient information to admit or deny the allegations asserted in Paragraph 2.

3. The District admits that the DC Board of Education is an agency of the District of Columbia.

4. The District admits that the Board of Education is *non sui juris*. The remaining allegations asserted in Paragraph 4 of the Complaint are legal conclusions to which no response is required.

5. The allegations asserted in Paragraph 4 of the Complaint are legal conclusions to which no response is required.

## JURISDICTION

6. The allegations asserted in Paragraph 6 of the Complaint are legal conclusions to which no response is required.

7. The allegations asserted in Paragraph 7 of the Complaint are legal conclusions to which no response is required.

## CONDITIONS PRECEDENT

8. The District is without sufficient information to admit or deny the allegations asserted in Paragraph 8.

9. The allegations asserted in Paragraph 9 of the Complaint are legal conclusions to which no response is required.

10. The allegations asserted in Paragraph 10 of the Complaint are legal conclusions to which no response is required.

11. The allegations asserted in Paragraph 11 of the Complaint are legal conclusions to which no response is required.

12. The allegations asserted in Paragraph 12 of the Complaint are legal conclusions to which no response is required.

13. The allegations asserted in Paragraph 13 of the Complaint are legal conclusions to which no response is required.

14. The allegations asserted in Paragraph 14 of the Complaint are legal conclusions to which no response is required.

15. The allegations asserted in Paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent that Paragraph 15 contains factual allegations, the District denies the allegations and demands strict proof thereof at trial.

## FACTS

16. The District is without sufficient information to admit or deny the allegations asserted in Paragraph 16.

17. The District denies the allegations asserted in Paragraph 17.

18. The District is without sufficient information to admit or deny the allegations asserted in Paragraph 18.

19. The District denies the allegations asserted in Paragraph 19 of the Complaint and demands strict proof thereof at trial.

20. The allegations asserted in Paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent that Paragraph 20 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

21. The allegations asserted in Paragraph 21 of the Complaint are conclusions of the pleader to which no response is required.

22. The allegations asserted in Paragraph 22 of the Complaint are legal conclusions to which no response is required.

23. The allegations asserted in Paragraph 23 of the Complaint are legal conclusions to which no response is required.

24. The allegations asserted in Paragraph 24 of the Complaint are legal conclusions to which no response is required.

25. The allegations asserted in Paragraph 25 of the Complaint are legal conclusions to which no response is required.

26. The allegations asserted in Paragraph 26 of the Complaint are legal conclusions to which no response is required.

27. The allegations asserted in Paragraph 27 of the Complaint are legal conclusions to which no response is required.

COUNT I: ADA TITLE II VIOLATION

28. The District incorporates its answers to Paragraphs 1 through 27 as above.

29. The allegations asserted in Paragraph 29 of the Complaint are legal conclusions to which no response is required.

30. The allegations asserted in Paragraph 30 of the Complaint are legal conclusions to which no response is required.

31. The allegations asserted in Paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent that Paragraph 31 contains factual allegations, the District denies the allegations and demands strict proof thereof at trial.

RELIEF SOUGHT

This Paragraph and its subparts consist of a prayer for relief, to which no response is required.

<b>Third Defense</b>

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct.

### Fourth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own contributory negligence and/or assumption of the risk and/or the negligence of the plaintiff.

### Fifth Defense

Plaintiff failed to request a reasonable accommodation.

### Six Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, plaintiff failed to mitigate said injuries and/or damages.

### Seventh Defense

The District, at all time herein, acted consistently with all relevant and applicable laws, rules, regulations, constitutional provisions and standards of care.

### Eighth Defense

Plaintiff's claim may be barred by the applicable statute of limitations.

### Ninth Defense

Plaintiff's claim may be barred by the doctrine of latches.

### Tenth Defense

The District denies that it is liable for the incident and/or injuries alleged in the Complaint and further denies that plaintiff is entitled to any relief whatsoever.

**Eleventh Defense**

Plaintiff has failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

**Twelfth Defense**

Defendant reserves the right to rely on any other defenses which may become available through further investigation or discovery, as well as the right to delete any defenses previously raised herein, or to amend any responses to demonstrate that there is no such basis for said defense or response to such allegations.

**Set-off**

Defendant asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance or other sources.

THE DISTRICT reserves the right to amend its Answer.

Dated: July 21, 2008

>Respectfully submitted,
>
>PETER J. NICKLES
>Acting Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>*/s/ Toni Michelle Jackson*
>TONI MICHELLE JACKSON [453765]
>Chief, General Litigation Section III
>
>*/s/ Sarah L. Knapp*
>SARAH L. KNAPP [470008]
>Assistant Attorney General
>441 Fourth Street, N.W., 6th Floor
>Washington, D.C. 20001
>(202) 724- 6528

(202) 727-3625 (fax)
Email: sarah.knapp@dc.gov

## JURY DEMAND

Defendant District of Columbia hereby respectfully requests a jury trial.

/s/ Sarah L. Knapp
Sarah L. Knapp
Assistant Attorney General