**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GARY SAVAGE,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. 08-00975 (EGS) |
| **DISTRICT OF COLUMBIA,** | : | |
| **Defendant.** | : | |

**JOINT RULE 16.3 STATEMENT**

Notice is hereby given that the parties conducted the meeting required by Local Civil Rule 16.3 by telephone on August 26, 2008, and were able to reach agreement without the need to meet in person. The parties, by and though undersigned counsel, hereby provide their Joint Rule 16.3 Statement. The Parties provide as follows:

1)  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on that motion:

    The parties agree that it is possible the case could be decided by dispositive motion. No dispositive motion has yet been filed. Defendant anticipates that it will file a dispositive motion after the close of discovery.

2)  The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed:

    The parties agree that joinder of additional parties and/or amendment of the pleadings shall take place no later than October 6, 2008. The parties agree that certain factual and legal issues may be able to be agreed upon or narrowed throughout the

discovery process and following its conclusion.

3) Whether the case should be assigned to a magistrate judge for all purposes, including a trial:

The parties agree to the assignment of a magistrate judge for the purposes of mediation and discovery only.

4) Whether there is a realistic possibility of settling the case:

The parties do not rule out the possibility of settlement and will engage in negotiations as appropriate throughout the litigation process.

5) Whether the case could benefit from the Court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR), what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients:

The parties agree that mediation would be most beneficial after the resolution of any post-discovery dispositive motions.

6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.

Defendant believes that this matter may be resolved by summary judgment. The parties agree that motions for summary judgment should be filed 60 days after the close of discovery. Oppositions should be filed 30 days thereafter and replies filed 15 days thereafter, on the dates noted in the proposed scheduling order attached hereto.

7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.

The parties have agreed to dispense with the initial disclosure requirements of Rule 26(a)(1).

2

8) The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree and propose that discovery can be completed in 150 days. The parties propose that Interrogatories be limited to 25 per party and that they otherwise be bound by the discovery limits set forth in the Federal Rules of Civil Procedure.

9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R..Civ.P., should be modified, and whether and when depositions of experts should occur.

The parties are agreed that plaintiff's expert witness disclosure should be provided 60 days prior to the end of discovery and that defendant's expert witness disclosure should be provided 30 days thereafter.

10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

This is not a consideration in the instant action.

11) Whether the trial and/or discovery should be bifurcated and/or managed in phases, and a specific proposal for such bifurcation.

At this point the parties do not believe that either bifurcated trial or discovery is necessary.

12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

1. The parties suggest that the Court set a scheduling conference at or near the close of discovery so as to set a date for the pretrial conference.

3

13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree that a firm trial date should be scheduled by the Court at the pretrial conference.

Respectfully submitted,

/s/ John E. Carpenter_____

John E. Carpenter   #420756
910 17th Street NW   Suite 800
Washington, D.C.   20006
Counsel for the Plaintiff

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Toni Michelle Jackson*

TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

*/s/ Sarah L. Knapp*
SARAH L. KNAPP [470008]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY SAVAGE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-00975 (EGS) |
| DISTRICT OF COLUMBIA, | : | |
| Defendant. | : | |

## ORDER

Upon consideration of the parties' joint meet and confer statement, it is this ___ day of _____, 2008, hereby **ORDERED** as follows:

Amended Pleadings.   Amended pleadings must be filed by October 6, 2008.

Discovery.   Discovery will close on March 2, 2009.  Each party will be limited to 25 Interrogatories.  No other limits, aside from those set forth in the Federal Rules of Civil Procedure, will be placed on discovery at this time.

Experts.   Plaintiffs will designate their expert(s) by January 5, 2009, and defendants shall designate their expert(s) by February 5, 2009.

Motions.   Motions for Summary Judgment will be filed on or before May 4, 2009; Oppositions will be filed on or before June 4, 2009; and replies will be filed on or before June 19, 2009.

Pretrial Conference.   The pretrial conference will be held on _____, 2009.

**SO ORDERED.**

_____
EMMET G. SULLIVAN
US DISTRICT COURT JUDGE

5